IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. HARRIS,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:21-cv-00160 |
| v. | )<br>) | |
| JOSHUA SALMON,<br>    Defendant. | )<br>)<br>) | By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Christopher S. Harris, a Virginia inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983.[1] The case is before the court for screening pursuant to 28 U.S.C. § 1915A(a). Upon review, the court concludes that Harris's complaint fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). The court will therefore dismiss the complaint without prejudice. Because it might be possible for Harris to provide additional facts sufficient to state a valid claim, however, the court will give him an opportunity to file an amended complaint.

## I.  BACKGROUND

Harris's complaint lists only a single defendant—Joshua Salmon. The bare-bones complaint, however, does not contain any facts as to what Salmon did that Harris believes violated his rights.

Harris states that the events on which his claims are based arose at the "ACDAC," which the court believes is a reference to the Amherst County Adult Detention Center (hereinafter "ACADC"). He only lists one claim and refers to "cruel and unusual punishment." The entirety

---

[1] Within about a month of filing this complaint, Harris also filed two other civil actions: *Harris v. SWVRJ*, No. 7:21-cv-98 (W.D. Va.), and *Harris v. Kilgore*, No. 7:21-cv-167 (W.D. Va.). According to the complaints in those cases, the claims asserted in them arose at a facility operated by the Southwest Virginia Regional Jail Authority.

of his factual allegations are as follows: "Keep me locked down like I am [an] animal and get treated like [an] animal not a [human] being." The only relief he seeks is to be released. (Dkt. No. 1.) He has since sent a letter to the court that says that the "jail is not get[ting] any better on how they are treating the inmates" and that he needs to be moved out of the jail because he does not want to serve the remaining eight months of his sentence at ADADC. (Dkt. No. 5.) Like his complaint, his letter fails to identify any particular steps taken by Salmon or any details about his alleged mistreatment. Nonetheless, the court construes this document as a supplemental complaint and will consider the allegations raised in it in reviewing Harris's complaint.

## II.  DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Taylor's complaint, the court concludes that his complaint fails to state any claim and thus is subject to dismissal, pursuant to 28 U.S.C. § 1915A(b)(1).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85

(4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Salmon is the sole defendant named in Harris's complaint, and Harris does not identify any action taken by him at all, let alone one that Harris believes violated his constitutional rights. Thus, Harris fails to state a claim against the only named defendant, and his complaint is subject to dismissal.

Moreover, to the extent that his complaints about "mistreatment" are complaints about the conditions at the jail or the amount of time that he is held in his cell, such claims are reasonably construed as an Eighth Amendment "conditions-of-confinement" claim.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49. To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant

physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Harris's allegations do not plausibly allege either element of an Eighth Amendment claim. Instead, they are conclusory and wholly lacking in detail about what conditions he even challenges. They no not plausibly allege facts to show that he suffered any significant physical or emotional harm, nor do any of his allegations plausibly allege a grave risk of such harm. *See Shakka*, 71 F.3d at 166. As to the second element, he does not even allege that Salmon was aware of whatever vague conditions Harris is challenging. Thus, his Eighth Amendment claim fails.

Lastly, Harris is advised that the only relief sought in his complaint—to be "released"—is not relief that can be granted by this court as part of a § 1983 action, if he is asking the court to shorten his sentence. Similarly, the relief of transfer to a new facility is generally not available to § 1983 plaintiffs, because the court must give substantial deference to prison officials' decisions regarding where to house inmates. *See Meachum v. Fano*, 427 U.S. 215, 227 (1976) (explaining that prisoners have no constitutional right to be housed in a particular prison and prison officials have discretion to house prisoners in a less agreeable facility); *Garrett v. Angelone*, 940 F. Supp. 933, 942 (W.D. Va. 1996) ("In decisions concerning housing of specific prisoners, the courts must defer to the expertise and discretion of prison officials who are much better equipped to analyze prison security needs; judicial inquiry must remain limited to whether a particular prison system or regulation violates constitutional or federal law.") (citation omitted).

III.  CONCLUSION

For the foregoing reasons, Harris's complaint will be dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  In consideration of Harris's status as a *pro se* litigant, however, the court will give him an opportunity to amend his complaint, if he believes he can correct the deficiencies noted in this opinion.  If he elects to amend, he shall do so within thirty days after entry of the accompanying order.  Any amended complaint must name a proper defendant or defendants and state specifically what each defendant allegedly did to violate Harris's constitutional rights.  It also must contain sufficient factual detail to allow the court to understand the facts underlying his claim(s).  Any amended complaint that Harris files must be a new pleading that stands by itself without reference to a complaint, attachments, or other documents already filed.  Harris's filings to date will not be treated as part of his complaint by the court and should not be incorporated by reference by him in any amended complaint.

An appropriate order will be entered.

Entered: April 21, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge