IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER S. HARRIS,        ) | Civil Action No. 7:21-cv-00160 |
|     Plaintiff,                            ) | |
|                                                ) | |
| v.                                                   ) | |
|                                                ) | By: Elizabeth K. Dillon |
| JOSHUA SALMON,                   ) |     United States District Judge |
|     Defendant.                           ) | |

**MEMORANDUM OPINION**

Christopher S. Harris, a Virginia inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered April 21, 2021, the court dismissed Harris's original complaint pursuant to 28 U.S.C. § 1915A(b)(1), concluding that it failed to state a claim for which relief could be granted. In particular, the court noted that Harris's bare-bones complaint failed to identify any action by the sole defendant—Joshua Salmon—that could give rise to a constitutional violation.[1] The court gave Harris an opportunity to file an amended complaint, which he has done. The amended complaint is now before the court for review, pursuant to 28 U.S.C. § 1915A(a).

I. BACKGROUND

The amended complaint form submitted by Harris itself contains no allegations; it simply states that it is asserting an Eighth Amendment claim against defendant Joshua Salmon. (Dkt. No. 13.) Harris also submitted several documents, however, in which he sets forth facts that appear to be the allegations offered in support of his amended complaint. (Dkt. Nos. 9, 11, 12.)

---

[1] Although Harris does not provide any information about Joshua Salmon's position, it appears that Salmon is the administrator of the Blue Ridge Regional Jail Authority, which operates five facilities, including the Jail. *About the Blue Ridge Regional Jail Authority*, https://www.brrja.state.va.us/about-the-blue-ridge-regional-jail-authority/ (last visited May 24, 2021).

The court construes these four documents (Dkt. Nos. 9, 11–13) collectively as his amended complaint.

Harris alleges that when he arrived at the Amherst County Adult Detention Center ("the Jail") on November 30, 2020, he was required to be locked down, along with the whole jail, for two weeks for 23 hours per day. But he complains that "they never locked the jail down" and instead brought "more and more inmate[s] from 6 other count[ies] to keep" the Jail open. (Dkt. No. 9 at 1.) He states that there were a lot of inmates sick with Covid-19 in December 2020 and Salmon did not quarantine inmates but instead housed them in pods and "we don't know if they have the Covid or not." (*Id.*) Harris also states, in conclusory fashion, that he "know[s]" that Mr. Salmon and his correctional officers "don't care about our health at all." (*Id.*)

Harris also complains about a March 2, 2021 incident in which the Jail was locked down for more than seven hours while officers conducted a "drug bust" and searched everyone's cells. During this period, inmates were not permitted to go to the bathroom or get anything to drink and so inmates were "using the bathroom on [themselves]." (Dkt. No. 11 at 1.) He also notes other dates and times that the jail (or his unit of the jail) was locked down for hours at a time because of insufficient staff, because of a fight, so staff could take their lunch break, or for other reasons he does not specify. (*Id.* at 3.)

In a separate filing, Harris alleges that on January 3, 2021, he was put in "the []hole," which the court presumes is a reference to solitary confinement, for a whole month because he would not fight another inmate. For the first week of that confinement, he was not allowed to use the phone or take a shower. He alleges that unidentified staff told other inmates not to come

around him because he had Covid-19, but he did not. He accuses staff of not caring about the inmates and only being at the Jail for a paycheck.[2]

Lastly, Harris alleges that, at his prior facility, he used to have a job as a trustee. He complains that, although he has a low security classification and was told he would receive a trustee job, he has been locked down in a cell and has not been given a trustee job. He thus alleges that he is still being "treated like an animal." (Dkt. No. 12 at 2.)[3]

## II. DISCUSSION

As with his original complaint, Harris's amended complaint lists only a single defendant—Joshua Salmon. Harris's original complaint was subject to dismissal in large part because he failed to identify any action taken by Salmon personally that violated any of Harris's constitutional rights. As the court noted in its prior opinion, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

---

[2] In a somewhat conflicting statement in a different filing, Harris asserts that the Jail has difficulty keeping correctional officers because "the head people over the Jail" want the officers to "treat [the inmates] bad," but the correctional officers quit rather than mistreat the inmates. (Dkt. No. 9 at 1.)

[3] Harris also complains in multiple documents that when his wife called the Jail to ask why he has not called her, unidentified staff have lied to her and told her that the phones were not working. (*Id.* at 2; *see also* Dkt. No. 12 at 1.) Harris does not explain how these alleged lies violated his constitutional rights, and the court concludes that no constitutional right of his was violated by this conduct.

Although Harris has now provided additional allegations in support of his claims, the amended complaint still fails to mention what actions Salmon personally took to violate Harris's rights. The only action Harris alleges that Salmon took was to place newer inmates in pods, perhaps without first determining whether they were ill with Covid-19.

As the court noted in its prior opinion, the Eighth Amendment protects prisoners from cruel and unusual living conditions, but to state a claim a prisoner must show that (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Harris does not plausibly allege these elements against Salmon. First of all, he does not set forth any specific facts to show that Salmon was involved in this decision or actually made this decision, as opposed to an individual at the facility level. Moreover, although Harris alleges that "we do not know" if those inmates were ill, he does not allege that they had not been tested for Covid or that Salmon did not know whether they were ill, nor does he address whether any of them were quarantined before being transferred. Also, Harris fails to identify that he (or anyone) became ill as a result of these inmates being placed in the pods, or even that he was especially vulnerable or susceptible to falling ill, such that Salmon should have known of a grave risk of

harm from this action.  For all of these reasons, the sole allegations as to Salmon's actions do not rise to an Eighth Amendment violation.[4]

Similarly, the other allegations set forth by Harris simply do not rise to an Eighth Amendment violation, even if he had alleged Salmon were responsible for them—which he has not.  These include his allegations regarding:

- being unable to take a shower for the first week he was in solitary confinement, *Johnson v. McCoy*, No. 7:19-CV-00005, 2021 WL 1113377, at *8 (W.D. Va. Mar. 23, 2021) (collecting authority holding that similar or longer periods of being denied a shower or clean clothes did not give rise to an Eighth Amendment violation);

- the entire jail being locked down for periods of times, *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (explaining that prisoner plaintiffs "were not entitled to due process prior to the imposition of an institutional lockdown");

- not being given a trustee job, *O'Bar v. Pinion*, 953 F.2d 74, 82–84 (4th Cir. 1991) (explaining that a prisoner has no due process rights as to the loss of his job because there is no protected liberty or property interest in prison employment); and

- inmates being locked down on one occasion for seven hours and prevented from using the bathroom, which resulted in them soiling themselves, *Baker v. Clarke,* No. 7:20-CV-00204, 2020 WL 3422198, at *2 (W.D. Va. June 22, 2020) (collecting authority holding that the denial of access to a restroom for similar periods on a single occasion, and even where an inmate was required to remain in a soiled jumpsuit for hours, did not constitute an Eighth Amendment violation).[5]

---

[4] To the extent that Harris is attempting to hold Salmon liable because of his position as a supervisor, supervisory liability is appropriate only in limited circumstances.  Specifically, to establish such liability, Harris must allege facts sufficient to show (1) that Salmon "had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) that Salmon's "response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) that there was an "affirmative causal link" between Salmon's conduct and plaintiff's "particular constitutional injury."  *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).  The facts alleged by Harris do not plausibly allege any of those three elements.

[5] Harris does not allege that he soiled himself, but even if he had, the authority cited in *Baker* would preclude his claim.

As is made clear by the foregoing authority, Harris's allegations remain insufficient to state an Eighth Amendment claim against Salmon for these reasons, as well.

### III.  CONCLUSION

For the reasons set forth in this opinion, Harris's amended complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered.

Entered: May 26, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge